UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

FREDDIE JAMES MCDOUGAL, JR.,

        Plaintiff,

v.                                                    Case No. 24-C-109

JOHN AND JANE DOES,

        Defendants.

---

## DECISION AND ORDER

---

        Freddie James McDougal, Jr., who is incarcerated at Green Bay Correctional Institution, is representing himself in this 42 U.S.C. §1983 case. He is proceeding on a Fourteenth Amendment claim against unidentified kitchen staff members who allegedly refused to provide him with an allergy food tray after being informed that the food he had received contained beans and/or peanuts. *See* Dkt. No. 9. On July 23, 2024, the Court named Milwaukee County Sheriff Denita Ball as a Defendant for the limited purpose of helping McDougal identify the Doe Defendant(s). Dkt. No. 26. On August 8, 2024, Sheriff Ball's counsel filed a letter explaining that she had provided McDougal with a copy of the County's contract with Aramark Corporation and that the information McDougal needs to identify the Doe Defendants is in the possession of Aramark, not the County. In light of this, Sheriff Ball's counsel also asks that Sheriff Ball be dismissed from this case. The Court will grant the request.

        On August 12, 2024, McDougal filed a motion for an extension of the deadline by which he must identify the Doe Defendant(s). The Court will grant his motion, and to assist him, will name Aramark Corporation as a Defendant for the limited purpose of helping McDougal identify

the unidentified kitchen staff. *See Donald v. Cook County Sheriff's Dept.*, 95 F.3d 548, 556 (7th Cir. 1996). Aramark does not have to respond to the complaint, but it is directed to provide McDougal with information from which he can try to identify "the unidentified kitchen staff members who refused to provide him with his allergy food tray after being notified that the food he had received contained beans and/or peanuts." Dkt. No. 9 at 4. **Aramark must provide McDougal with this information within sixty days of being served with the complaint.**

The Court again reminds McDougal that §1983 requires that a defendant be personally involved in an alleged violation to be liable. *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996). Accordingly, McDougal should take care to name **only** those kitchen staff members who, despite being informed of his food allergy, refused to provide him with food that did not contain peanuts and beans. McDougal should **not** name every person who worked in the kitchen at the relevant time, as there is no vicarious liability under §1983.

The Court will extend McDougal's deadline to identify the Doe Defendant(s) to **October 31, 2024**. If by the deadline, McDougal does not identify the Doe Defendant(s) or does not explain to the Court in writing why he is unable to do so, the Court may dismiss this case based on his failure to diligently prosecute it. Civil L. R. 41(c).

**IT IS THEREFORE ORDERED** that Milwaukee County Sheriff Denita Ball is **DISMISSED** from this action.

The clerk's office is further directed to add Aramark Corporation as a Defendant for the limited purpose of helping McDougal identify the Doe Defendant(s).

**IT IS FURTHER ORDERED** that the United States Marshal serve a copy of the complaint, the screening order, and this order on Aramark Corporation under Federal Rule of Civil Procedure 4. Congress requires the U.S. Marshals Service to charge for making or attempting such

service. 28 U.S.C. § 1921(a). Although Congress requires the court to order service by the U.S. Marshals Service, it has not made any provision for either the court or the U.S. Marshals Service to waive these fees. The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§0.114(a)(2), (a)(3). The U.S. Marshals will give McDougal information on how to remit payment. The Court is not involved in collection of the fee.

**IT IS FURTHER ORDERED** that Aramark Corporation does not have to respond to the complaint; however, within sixty days of being served, it must provide McDougal with information from which he can try to identify the kitchen staff who allegedly violated his constitutional rights.

**IT IS FURTHER ORDERED** that McDougal's motion for an extension of time (Dkt. No. 28) is **GRANTED**. McDougal must identify the Doe Defendant(s) by **October 31, 2024**. If, by the deadline, McDougal fails to identify the Doe Defendant(s) or inform the Court in writing why he is unable to do so, the Court may dismiss this action based on his failure to diligently prosecute it.

Dated at Green Bay, Wisconsin this 23rd day of August, 2024.

s/ William C. Griesbach
William C. Griesbach
United States District Judge
